## BARGE No. 6.*

### (*Circuit Court, E. D. Pennsylvania.* July 5, 1881.)

1. BILL OF SALE—INVALIDITY OF, WHEN SIGNATURE OBTAINED BY FRAUD—DECREE OF DISTRICT COURT AFFIRMED.

Appeal from Decree of the District Court in Admirality. The facts of the case are fully reported in 6 FED. REP. 732.

*Walter George Smith* and *Francis Rawle*, for appellant.

*A. C. Sheldon* and *Curtis Tilton*, for appellee.

McKENNAN, C. J. The libellant is entitled to the relief which he seeks, if the bill of sale signed by him of date March 20, 1880, is not valid and binding upon him. While he admits the signing of it, he denies that he was acquainted with or informed of its contents, and says his execution of the paper was procured deceptively and fraudulently. If this be so, the bill would be totally ineffective as a transfer of the ownership of the vessel, whose possession he now seeks to recover. While the proofs are conflicting, the preponderance is in favor of libellant's hypothesis, that the bill of sale is invalid because of the circumstances touching the execution of it, and the subsequent use of it, not contemplated or intended by both the parties when it was signed. The opinion of the learned judge in the court below, sufficiently indicates the reason for such a conclusion, and it is not necessary to collate and discuss the evidence to show that such a conclusion of fact is maintainable.

The libellant is entitled to a decree for the delivery of the vessel, etc., to him, and for the payment of the agreed amount of damages, to wit, $275, and costs, and a decree will be entered accordingly.

*Reported by Frank P. Prichard, Esq., of the Philadelphia bar.